UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERTO CASANOVA,

        Plaintiff,                              Case No. 1:15-cv-730

v.                                               Honorable Robert J. Jonker

BARACK OBAMA et al.,

        Defendants.
_____/

## OPINION

This is a civil action brought by a state prisoner. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous.

### Factual Allegations

Plaintiff Roberto Casanova presently is incarcerated at the Muskegon Correctional Facility, where he presently is serving two life sentences, imposed after he was convicted in 1995

of two counts of first-degree murder. Plaintiff sues President Barack Obama and Secretary of the Treasury Jacob J. Lew.

In his amended complaint, which Plaintiff describes as a "Bill In Equity," Plaintiff contends that he a "non-statutory, non-commercial, non-surety, non-trustee, non-quasi-trustee, non-state franchised, *de jure* Pre-1033 Private American National Citizen of the United States . . . ." (Am. Compl, docket #5, Page ID##97-98.) He alleges that Defendants are "Trustees of the Public Trust" who hold public assets for the benefit of citizens like himself. (*Id.* ¶ 1, Page ID#100.) Plaintiff also asserts that he his the beneficiary of a second, express trust. On March 20, 2015, he served on Defendants a copy of an "Affidavit of Status of Roberto Casanova, Jr.: American Feeman, Pre-1933 Private Citizen of the United States of America: American National," together with attachments including a "Notice of Deed of Acknowledgment and Acceptance Without Consideration," "Release Without Consideration," "Rescission of Signatures of Suretyship," "Declaration Re Proper Name," "Notice of Private Trust Arrangement," "Affidavit of Exemption From Withholding," a purported trust document, and a variety of other so-called "Notices." (Attach. to Compl., docket #1-3 through 1-4, Page ID##15-48.) Plaintiff contends that, because Defendants did not rebut or disclaim his documents within the 30-day time period set forth in his documents, he became the beneficiary of an express trust.

Plaintiff demands a "full accounting/Record of Equity of all assets, included, but not limited to, all monies, accounts and property now held in trust by Defendant Trustees for the benefit of Complainant/Beneficiary." (Am. Compl. ¶ 24(5), docket #5, Page ID#104.) He also seeks immediate release from incarceration, under the theory that the assets of the trust are sufficient "to

extinguish the debt" that serves as the basis for his incarceration under the judgment of the Muskegon County Circuit Court. (*Id.* ¶ 22.)

## Discussion

I. Frivolousness

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. The Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. at 327. "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts. *See Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1198-99. An *in forma pauperis* complaint may not be dismissed, however, merely because the court believes that the plaintiff's allegations are unlikely. *Id.*

Plaintiff's complaint is patently frivolous. The issuance of Plaintiff's birth certificate did not create a fictitious legal entity simply by capitalizing Plaintiff's name, and it certainly did not

turn such artificial person into an enemy of the state under the Emergency Banking Relief Act of 1933 or the Trading With the Enemy Act of 1917. Moreover, Plaintiff cannot bind the government to his fictitious notions and nonsensical private trust documents by demanding a rebuttal within 30 calendar days. The courts repeatedly have rejected such "redemptionist and sovereign citizen" arguments as utterly frivolous. *See, e.g., Bey v. Butzbaugh*, No. 1:13-cv-1173, 2014 WL 5149931, at *4 (W.D. Mich. Oct. 14, 2014) (citing *Muhammad v. Smith*, No. 3:13–cv–760, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources.") (collecting cases)). Accordingly, the Court will dismiss Plaintiff's action because it is frivolous.[1]

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

---

[1] To the extent that Plaintiff seeks release from incarceration, his claim also fails because it is not properly considered in this action. Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

                                                           /s/Robert J. Jonker
                                                Robert J. Jonker
                                      Chief United States District Judge

Dated:  August 5, 2015